UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:20-CR-179-SDJ |
| | § | |
| JONATHAN SOTELO (9) | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Government's Appeal of United States Magistrate Court's Order of Release, (Dkt. #136), in which the Government seeks revocation of the magistrate judge's order releasing Sotelo pending trial. The Court held a hearing on October 30, 2020. (Dkt. #189). The Court, having considered the Government's appeal, the record, the arguments presented at the hearing, and the applicable law, **REVOKES** the Magistrate Judge's Order of Release and **ORDERS** that Sotelo remain detained pending trial.

### I. BACKGROUND

Sotelo, along with twenty other codefendants, was indicted by a grand jury on August 12, 2020, on one count of conspiracy to possess with the intent to distribute and distribution of methamphetamine, cocaine, heroin, and marijuana in violation of 21 U.S.C. §§ 841, 846. These charges stem from Sotelo's alleged role in an international drug-distribution network.

Following his arrest in the Southern District of Texas, Sotelo appeared before a magistrate judge for a pretrial detention hearing. The magistrate judge ultimately ordered Sotelo released on a $50,000 unsecured bond and subject to several conditions

of release, including home detention, GPS monitoring, and avoiding all contact with codefendants.

The Government then filed with this Court an emergency motion for stay and appeal of the magistrate court's order of release, seeking to revoke the order and require Sotelo to remain detained pending trial. (Dkt. #136). The Court granted the Government's stay motion and held a hearing on the matter of pretrial detention. At the hearing, the Government presented the testimony of Drug Enforcement Administration ("DEA") Agent Samuel Wasmund on matters involving the charge against Sotelo, his potential flight risk, and his potential danger to the community if released. Sotelo did not call any witnesses, but his attorney cross-examined Agent Wasmund and admitted two exhibits into the record.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3145(a)(1), when a defendant is ordered released by a magistrate judge, the Government may file with the district court a motion for revocation of the release order. The district court reviews a motion to revoke a detention order de novo and "must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992). Accordingly, the Court has discretion to "support what the magistrate has actually ordered with additional findings based on its independent consideration of the record before the magistrate and the additional evidence adduced before it." *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985).

The Bail Reform Act, 18 U.S.C. § 3142, governs the release and detention of defendants awaiting trial. A judicial officer may order a defendant detained pending trial upon a finding that the Government has shown by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance of the person," or by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e)(1); *see also Rueben*, 974 F.2d at 586 ("For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required.").

Section 3142(g) provides that a court shall consider the following factors in determining whether a person poses a flight risk or a danger to the community: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's history and characteristics, including, among other things, his family ties, length of residence in the community, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3141(g); *see also United States v. Acosta-Leyva*, 751 F.App'x 594, 595 (5th Cir. 2019) (per curiam).

In some cases, a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as

required and the safety of the community." 18 U.S.C. § 3142(e)(3). The rebuttable presumption arises upon a finding of probable cause to believe that the defendant committed an offense subject to a maximum term of imprisonment of ten years or more under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* 18 U.S.C. § 3142(e)(3)(A); *see also Rueben*, 974 F.2d at 586. Probable cause exists when offenses under the Controlled Substances Act are charged in an indictment. *United States v. Trosper*, 809 F.2d 1107, 1110 (5th Cir. 1987).

Section 3142(e)'s rebuttable presumption "shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion," which remains with the Government. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). If the defendant presents "evidence tending to rebut the presumption," the presumption "nevertheless remains in the case and is a factor to be considered." *Fortna*, 769 F.2d at 251; *see also Hare*, 873 F.2d at 798–99 ("[T]he court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society."). If the defendant does not present evidence sufficient to rebut the presumption, the Court must still review the Section 3142(g) factors. *See United States v. Jackson*, 845 F.2d 1262, 1265 (5th Cir. 1988) (noting that the language of Section 3142(g) "*mandates* district court review of certain factors" (emphasis added)). As the Fifth Circuit has explained, the statute thus creates "an unusual set of weights and measures in which the burden of persuasion is on the government, not the defendant, but the presumption may be weighed in the evidentiary balance." *Hare*, 873 F.2d at 799.

### III. DISCUSSION

In its appeal of the magistrate judge's order of release, the Government asserts that Sotelo has not rebutted the presumption that he is a flight risk and a danger to the community and that, even if he did rebut the presumption, the Section 3142(g) factors still weigh in favor of detention. To decide the motion, the Court must first determine whether Sotelo is presumed to be a flight risk and a danger to the public and, if so, whether he has presented evidence sufficient to rebut those presumptions.

#### A. Section 3142(e)'s rebuttable presumption applies and has been rebutted by Sotelo.

The rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community applies in this case. Sotelo has been indicted for alleged violations of 21 U.S.C. §§ 846 and 841(a)(1). Under the Controlled Substances Act, Sotelo faces imprisonment of not less than ten years and not more than life imprisonment and a mandatory minimum of five years of supervised release. *See* 21 U.S.C. §§ 841(b)(1)(A), 846.

The indictment provides probable cause to believe that Sotelo committed the charged offense. *See Trosper*, 809 F.2d at 1110 ("[T]he presumption against pretrial release arises when drug crimes [under the Controlled Substances Act] are charged in the indictment."). Further, the testimony of Agent Wasmund supports the finding of probable cause. *See Fortna*, 769 F.2d at 252 (finding probable cause while relying in part on the affidavit of an investigating agent). Therefore, under 18 U.S.C.

§ 3142(e)(3)(A), the presumption applies, and Sotelo was required to produce rebutting evidence.

To rebut the presumption, however, Sotelo bears "only the burden of producing rebutting evidence, not the burden of persuasion." *Hare*, 873 F.2d at 798. Sotelo has produced evidence sufficient to rebut both the presumption that no combination of conditions will reasonably assure his appearance and that no combination of conditions will reasonably assure the public safety.

### 1. Appearance at trial and risk of flight

The evidence submitted shows that Sotelo lives in the Houston area with his girlfriend[1] and codefendant, Michelle Vega, and her two children. Sotelo has worked informally with Fernando Duenez, Vega's father, doing home remodeling for around six years. Sotelo is a lawful permanent resident of the United States, and all family members with whom he has contact reside in Texas. Sotelo also submits that he first became aware that he was a suspect in a DEA investigation in 2017, yet he remained in the Houston area.

This evidence is sufficient to satisfy Sotelo's burden of production to rebut the presumption that he presents a flight risk. *See, e.g.*, *United States v. Farguson*, 721 F.Supp. 128, 131 (N.D. Tex. 1989) (finding that the defendant rebutted the presumption with evidence obtained through cross-examination of the Government's witness); *cf. Rueben*, 974 F.2d at 587 (determining that defendants failed to rebut the

---

[1] Both Sotelo's counsel and the Government refer to Vega as Sotelo's wife. To the contrary, Sotelo reported to pretrial services that his marital status is single and indicated that Vega is his girlfriend. Vega confirmed Sotelo's marital status. However, nothing in this opinion turns on whether Sotelo and Vega are married.

presumption when they presented "absolutely no evidence whatsoever" that they would refrain from continuing to traffic drugs). The presumption that no combination of conditions can reasonably assure Sotelo's appearance at trial has been rebutted but remains a factor to be considered in the Court's analysis. *See Fortna*, 769 F.2d at 251.

### 2. Danger to the public

The presumption that Sotelo is a danger to the public has been similarly rebutted. Sotelo has presented evidence that he has no felony convictions and that none of his misdemeanor convictions is for an act of violence or a drug-trafficking offense. Sotelo also established that the Government does not have any evidence of Sotelo's involvement in drug trafficking after 2017. Further, Sotelo has offered two letters from people close to him willing to act as custodians of Sotelo should he be released. This evidence is sufficient to meet Sotelo's burden of production to rebut the presumption that Sotelo is a danger to the public. The presumption, however, remains a factor to be considered in the Court's analysis of the danger Sotelo presents to the safety of the public. *See Fortna*, 769 F.2d 251.

### B. Application of the Section 3142(g) factors confirms that Sotelo must be detained pending trial.

Having determined that the presumption applies and that Sotelo produced evidence sufficient to rebut the presumption as to both his appearance at trial and to the public safety, the Court must now consider the Section 3142(g) factors to answer the ultimate question of whether the Government met its burden of proof. The Court finds that, having reviewed the Section 3142(g) factors, the Government proved by a

preponderance of the evidence that no combination of release conditions could reasonably assure Sotelo's appearance at trial and further proved by clear and convincing evidence that no such conditions could reasonably assure the safety of the public pending trial. For these reasons, Sotelo must remain detained pending trial.

### 1. Nature and circumstances of the charged offense

Sotelo is charged with a serious offense—conspiracy to possess with the intent to distribute and distribution of methamphetamine, cocaine, heroin, and marijuana. Each of these drugs is classified as either schedule I or schedule II—drugs the DEA has determined have a high potential for abuse. *See* 21 U.S.C. § 812(b). If convicted, Sotelo faces a minimum of ten years and a maximum of life in prison. *See* 21 U.S.C. §§ 841(b)(1)(A), 846. The severity of Sotelo's potential sentence weighs in favor of detention. *See United States v. Almasri*, No. H-07-155, 2007 WL 2964780, at *1 (S.D. Tex. Oct. 10, 2007) (concluding that a defendant's potential sentence weighed in favor of detention when the defendant faced a *maximum* sentence of ten years).

While monitoring the activities of the organization with which Sotelo is alleged to be involved, agents observed Sotelo on three different occasions transporting a total of approximately 110 kilograms of cocaine for distribution in the North Texas area. Sotelo also had a firearm in his possession during at least two of these transports.

Sotelo's alleged role in the drug organization also weighs in favor of detention. Agent Wasmund testified that the total quantity of cocaine Sotelo was observed transporting is worth $2.7 million. That Sotelo would be responsible for such a large quantity of product indicates that his role in the organization is significant. Agent

Wasmund also testified that Sotelo directed the organization's cocaine-transportation activities from San Antonio to the Dallas area.

In addition to his own activities on behalf of the organization, Sotelo is alleged to have aided in the organization's expansion by recruiting Michelle Vega to participate in the conspiracy. Sotelo is also connected to the leaders at the top of the organization. The vehicles Sotelo was observed using to transport cocaine are registered to Saul Huerta-Hernandez, who is alleged to be the leader of the organization's cocaine operations and who reports directly to the organization's head.

And although the presumption that Sotelo is a flight risk and a danger to the community has been rebutted, "the [C]ourt may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society." *Hare*, 873 F.2d 796, 798–99. The nature and circumstances of Sotelo's charged offense weigh in favor of detention. *See Rueben*, 974 F.2d at 586 ("[T]he risk of continued narcotics trafficking on bail does constitute a risk to the community . . . .").

**2. Weight of the evidence**

The Court must also consider the weight of the evidence against Sotelo, although this factor is considered "to be of least importance in the detention determination." *United States v. Stanford*, 630 F.Supp.2d 751, 755 (citing *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986); *United States v. Barnett*, 986 F.Supp. 385, 393 (W.D. La. 1997)).

The Government produced significant evidence against Sotelo. As explained above, agents observed Sotelo transporting cocaine on three different occasions,

driving vehicles registered to one of the alleged leaders of the criminal organization. Agents Wasmund also testified to Sotelo's recruitment activity on behalf of the organization. Notably, Sotelo did not challenge any of the Government's evidence. The weight of the evidence against Sotelo weighs in favor of detention.

### 3. History and characteristics of the defendant

Sotelo's history and characteristics considered in totality also weigh in favor of detention. While Sotelo has no felony convictions, his criminal record is not without concern. Sotelo has two misdemeanor theft convictions and a conviction for misdemeanor unlawful carrying of a weapon. The firearm conviction is particularly concerning in light of the circumstances surrounding Sotelo's current charge. Agent Wasmund testified that Sotelo was observed in possession of a firearm on at least two occasions in conjunction with his alleged drug-transportation activities. These facts considered with the firearm conviction indicate that Sotelo is not hesitant to possess a firearm—even when such possession violates the law. And as the Supreme Court has observed, "drugs and guns are a dangerous combination." *Smith v. United States*, 508 U.S. 223, 240, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993).

Sotelo also has a probation revocation on his record, which raises further concerns about his characteristics and background. Were Sotelo to be released, he would be expected to abide by a number of conditions just as he was expected to on probation. His previous disregard for his probation conditions raises doubts as to whether he would respect the conditions the Court would place on his release—

10

conditions intended to preserve the safety of the public and ensure his appearance at trial.

There are also doubts about Sotelo's employment. Sotelo informed pretrial services that he is self-employed and now maintains that he works in remodeling with Fernando Duenez, Michelle Vega's father. Duenez submitted a letter confirming that Sotelo works with him but did not provide details regarding the income Sotelo earns through this work. Sotelo informed pretrial services that he makes $3,000 a month, yet Agent Wasmund testified that Duenez reported his business as making $40,000–60,000 annually. In that case, Sotelo would be taking home sixty to ninety percent of the business's income. Sotelo has not provided any additional evidence of his income or employment. It appears highly questionable whether Sotelo has a steady source of income. This heightens the risk that Sotelo would either flee or turn to drug trafficking if released.

Furthermore, while a defendant's risk of flight is often decreased by significant familial ties to the community, the risk is actually heightened in Sotelo's case because his most significant relationship is with a codefendant. *See Rueben*, 974 F.2d at 586 (concluding that the defendants' risk of flight was not diminished when "their alleged family ties [were] hardly more than a reflection of the drug conspiracy itself"). Michelle Vega, a codefendant, is Sotelo's longtime girlfriend, and Sotelo maintains that he would live with her if released. As individuals in a long-term relationship

facing the same criminal charge, Vega and Sotelo's motivation to flee together would increase exponentially if Sotelo were released to live with her pending trial.[2]

That Sotelo would be released to live with Vega also increases the risk of danger to the public. The evidence indicates that Sotelo and Vega have previously trafficked cocaine together. Vega is also the individual Sotelo is alleged to have recruited into the criminal organization. The Court cannot ignore the danger to the public that it would create to release Sotelo to reside with an alleged coconspirator whom he recruited and with whom he has a history of trafficking multiple kilograms of cocaine.

Furthermore, one of the conditions the magistrate judge placed on Vega's release was that she have no contact with any codefendants, and no exception was made for Sotelo. Were Sotelo to be released to reside with Vega, she would be violating her conditions of release. That Sotelo attempts to force Vega to violate her conditions of release by having the Court release him to reside with her does not reflect well on how seriously Sotelo takes court-imposed release conditions.

The evidence of Sotelo's characteristics and background combined with the nature and circumstances of Sotelo's current charge counsel in favor of pretrial detention.

---

[2] At the detention hearing, Sotelo's counsel argued that there should be "an exception to the rule of no contact" when two codefendants are married. Setting aside the fact that Sotelo and Vega are evidently not married, *see supra* note 1, this argument misunderstands the Court's role here. The Court is engaged in factfinding—not rulemaking. The Court must evaluate the facts and objectively assess Sotelo's risk of flight and danger to the public accordingly. And the fact is that residing with a codefendant with whom Sotelo is in a committed relationship significantly increases the risk that Sotelo will flee. The Court cannot make an exception to a finding of fact.

**4. Nature and seriousness of the danger posed by the defendant**

The evidence indicates that Sotelo had a significant role in an extensive, international drug organization implicated in the distribution of millions of dollars' worth of dangerous drugs. In addition to the danger that such extensive drug activity poses in itself, the evidence indicates that Sotelo has more than once carried a firearm in connection with drug-distribution activity. Sotelo has expanded the impact of the organization by recruiting additional members to participate in its criminal enterprise. There is no question that these actions have presented significant danger to the public, and the Court is convinced that no combination of conditions would prevent Sotelo from continuing in this conspiracy if released.

\*   \*   \*

In sum, the Court concludes that the Section 3142(g) factors indicate that there is no combination of release conditions that would reasonably assure Sotelo's appearance for further proceedings and the safety of the community. The magistrate judge's release order must be revoked.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Government's Appeal of United States Magistrate Court's Order of Release, (Dkt. #136), is **GRANTED**. The release order issued by the United States Magistrate Judge in the Southern District of Texas is **REVOKED** and **SET ASIDE**. Defendant Jonathan Sotelo shall remain in custody pending trial.

**So ORDERED and SIGNED this 12th day of November, 2020.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE